60

Joseph E. Walls, Claimant, vs. State of Illinois, Respondent.

*Opinion filed January 29, 1965.*

Lansden and Lansden, Attorneys for Claimant.

William G. Clark, Attorney General; Lawrence W. Reisch, Jr., Assistant Attorney General, for Respondent.

Pezman, J.

Claimant seeks to recover the sum of $15,000.00 as damages for the traumatic amputation of the end of his left ring finger, and for injuries to other fingers on his left hand. The accident occurred while claimant, then an inmate at the Illinois State Farm, Vandalia, Illinois, was pushing a piece of wood through a jointer or buzz planer, as one of the operations in shaping it. The jointer-planer was a part of the equipment in the carpentry shop at the institution. Claimant contends that his injuries resulted from the negligence of respondent, and that he was not guilty of contributory negligence, nor did he assume the risk of injury.

Respondent contends that claimant, Joseph E. Walls, has not proved any acts or omissions of respondent, which were the proximate cause of the accident, and further contends that claimant has not proven his own freedom from contributory negligence.

The facts indicate that claimant was operating a jointer-planer in the carpentry shop of the institution. In pushing a piece of wood through the planer, his left hand slipped into the blades of the machine severing the entire distal phalanx of the left ring finger even with the base of the nail, and the tips of the left index, middle and little finger

of the left hand were lacerated. Claimant was treated at the institution hospital on April 28, 1961, and was released to return to his duties at his own request on May 15, 1961. Claimant was alone in the carpentry shop at the time of the accident. There is considerable testimony indicating that there was never a guard over the blades of the jointer-planer.

Claimant introduced into evidence, subject to the objection of respondent, certain Health and Safety Rules of the Industrial Commission of Illinois. This Court will take judicial cognizance of these Rules as being in effect on the date of the accident, April 28, 1961. Part B, Chapter 3, Section 3, Rule 11, reads as follows: "Jointer or buzz planer: Class A—(a) A cylindrical cutting head shall be provided; (b) A guard which adjusts automatically over the cutting head shall be provided. All exposed parts of cutting head shall be guarded."

Testimony developed throughout the hearing that claimant had worked in the carpentry shop since his arrival at the institution, and that there were numerous safety signs present in the room and close to the machine upon which claimant was working. Witnesses for respondent conceded that the jointer had not been equipped with a safety guard, but could have been so equipped. Respondent bases its entire case upon the alleged failure of claimant to establish that he was free and clear of contributory negligence. There was nothing in the testimony, disclosed by the transcript, indicating the presence of contributory negligence on the part of claimant, nor can we presume, through the absence of such evidence, that claimant has failed to establish his freedom from the same.

It is apparent that respondent has been guilty of violation of the Rules of the Health and Safety Act, and in this manner can be held to be negligent. The two major cases

in the Court of Claims in recent years dealing with this specific problem were *Moore* vs. *State of Illinois*, 21 C.C.R. 282, and *Morris* vs. *State of Illinois*, 23 C.C.R. 91. This Court in the Moore case held as follows:

"Although we have held that claimant cannot sue for a violation of the Health and Safety Act, the fact that respondent itself, acting through the Industrial Commission, has determined that food grinders not mandatorily equipped with hoppers are dangerous to those using them is an express recognition by respondent that food grinders should be equipped with hoppers to be rendered safe.

"We will not create an anomaly by holding that a food grinder without a hopper used by private persons is dangerous, while a similar unequipped grinder used by respondent is not dangerous. Respondent should in this case be held to the same standards, as it by law compels others to abide by."

The Morris case held that if claimant was assigned to work under unsafe conditions, was not guilty of contributory negligence, and was injured, then respondent would be guilty of negligence. The late Joseph J. Tolson, Chief Justice, in his opinion refers to the reasoning in the Moore case, and rules as follows:

"The Health and Safety Act makes specific mention of jointers or buzz planers, and requires that all exposed parts of the cutting head shall be guarded. It is difficult for this Court to justify two standards of conduct by the State, one for workers outside prison walls, and another for inmates."

Claimant is awarded the sum of $800.00.